IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DORIS FEERER, et al.,

    Plaintiffs,

    vs.                                            No. CIV 95-0012 JC/WWD

AMOCO PRODUCTION COMPANY, et al.,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiffs' Application for Award of Fees from Amount of Prior Funds Distributable to State and Federal Governments *(Doc. 852)*. The Court has reviewed the application and the memoranda submitted by the plaintiffs and the United States of America. The Court finds that the application is well taken and will be granted.

Pursuant to the March 31, 1998 settlement agreement reached in this class action lawsuit, Defendants deposited money into the Court's Registry which represents "Settlement Funds" (identified in the Settlement Agreement as "Prior Funds"). The Settlement Funds represent credit owed to royalty owners, private and governmental, in the Bravo Dome Carbon Dioxide Gas Unit. Class counsel have previously applied for and obtained an award of attorneys' fees related to the portion of the Settlement Funds created for the benefit of the Plaintiff Class members (fee or private royalty owners).

The present application for attorneys' fees relates only to that portion of Settlement Funds that is attributable to the royalty interests of the governmental entities--the State of New Mexico and

the United States government. Because the State did not oppose this application, on October 29, 1998, I ordered distribution of the State's portion *(Doc. 865)* in accordance with the Plan of Allocation § IV. The Federal Government opposed the Application on sovereign immunity grounds, but briefing on the issue was not complete at the time of the October 19, 1998 hearing on the Plan of Allocation. Therefore, I took the Application under advisement as to the portion attributable to the royalty interests of the United States.

The Federal Government commends Plaintiffs' Class Counsel for their "obviously excellent work." Nevertheless, it disputes Class Counsel's claim for an award of attorneys' fees insofar as they are connected with the United States' share of the Settlement Funds. The government contends that such an award of attorneys' fees would be assessed against the United States and is therefore barred by sovereign immunity.

The Federal Government argues that because Class Counsel were not retained by the Attorney General or her designee, they had no authority to represent the United States in this suit against the private oil companies. See 28 U.S.C. § 516. Thus, the Equal Access to Justice Act waiver of sovereign immunity provision arguably does not apply in the present circumstances. Under that statute, attorneys' fees may be awarded "in any civil action <u>brought by or against</u> the United States." 28 U.S.C. § 2412(b) (emphasis added). The United States contends that it is merely a "beneficiary" of the settlement and not technically "a party" to the present action. The Court would note, however, that the United States has entered an appearance and requested that "its share" of the funds be electronically transferred pursuant to the U. S. Attorney's instruction.

Because I find that sovereign immunity is not even implicated in the present situation, I need not reach the waiver issue. An exception to the "American Rule" that parties to a lawsuit bear their

own attorneys fees has been recognized when a litigant or a lawyer recovers a "common fund" for the benefit of persons other than himself or his client. See Mills v. Electric Auto-Lite Co., 396 U.S. 375 (1970).

> The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense. Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefitted by the suit.

Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980) (cites omitted). Thus, under this "common fund" doctrine, entitlement to attorneys' fees is assessed against the funds to be distributed, not against the person or entity entitled to a fair share of the settlement proceeds.

The government incorrectly assumes that its "ownership" interest in the settlement funds is automatically coextensive with its proportion of royalty interests to the entire amount of the deposited funds. As Plaintiffs note, however, the government has only an interest or right to "its fair share" of the Settlement Funds. The United States will not "pay" any award from "its funds."

Jordan v. Heckler, 744 F.2d 1397 (10th Cir. 1984), is clearly distinguishable because the government's treasury will not be the source of the attorneys' fees award. In that case, the "common fund" or "common benefit funds" doctrines could not support an award of attorneys' fees against the Social Security Trust Fund. The Tenth Circuit found that sovereign immunity principles preclude an award of attorneys' fees when recovery of the fees are "simply an award against the Government" rather than "an award that operate[s] to spread the costs proportionately" among each of the beneficiaries. Id. at 1400.

Wherefore,

IT IS HEREBY ORDERED that Plaintiffs' Application for Award of Fees from Amount of Prior Funds Distributable to State and Federal Governments *(Doc. 852)* is **granted.** Class Counsel shall submit a proposed order for disbursement consistent with their request and this opinion.

DATED this 3rd day of December, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Russell Moore<br>Keleher & McLeod, P.A.<br>Albuquerque, New Mexico |
| | Thomas A. Graves<br>William J. Albright<br>Figari & Davenport, L.L.P.<br>Dallas, Texas |
| Counsel for United States: | Howard R. Thomas<br>Assistant U. S. Attorney<br>U. S. Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |